## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CALVIN HICKS,<br>      Appellant, | DOCKET NUMBER<br>SF-3443-15-0074-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>      Agency. | DATE: May 8, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Dwight A. Suggs, Sr., Los Angeles, California, for the appellant.

Evan Stein, Los Angeles, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a Housekeeper Aid Leader, ML-3566-03, filed an appeal alleging that the agency manipulated his contract position description so that he performs the duties of two positions but is only paid for one. The appellant also asserted that the agency committed prohibited personnel practices, and that it violated both the collective bargaining agreement and the No Fear Act. Initial Appeal File (IAF), Tabs 1, 7. Without holding a hearing, the administrative judge found that, while the appellant is dissatisfied with additional duties the agency has assigned him and he does not agree with his position description, he failed to make a nonfrivolous allegation that his grade or pay have been reduced, or that he has been suspended without pay or removed. Initial Decision (ID) at 3-4. The administrative judge found further that the Board may not address the appellant's remaining allegations without an otherwise appealable action. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. *See* ID at 3-4.

¶3        On review, the appellant essentially reasserts the arguments he raised below. Petition for Review (PFR) File, Tabs 1-2. Specifically, the appellant claims that he was performing two jobs but only being paid for one and that the agency failed to reclassify his position. However, the Board's jurisdiction is

limited to only those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Similarly, the Board does not have jurisdiction over all actions that are alleged to be incorrect, but rather it only has jurisdiction that is provided in pertinent statutes and regulations. *See Weaver v. Department of Agriculture*, 55 M.S.P.R. 569, 573 (1992); *see also Marren v. Department of Justice*, 49 M.S.P.R. 45, 51 (1991). Specifically, Congress provided that an employee, as defined in 5 U.S.C. § 7511, against whom certain adverse actions are taken, has the right to invoke the Board's jurisdiction under 5 U.S.C. § 7701, 5 U.S.C. § 7513(d). Such appealable adverse actions include a suspension for more than 14 days, removals, reduction in pay, and reductions in grade. 5 U.S.C. § 7512. Here, the administrative judge correctly found that, while the appellant is unhappy with the additional duties the agency has assigned him and he disagrees with his position description, he has not made a nonfrivolous allegation that his grade or pay has been reduced, or that he has been suspended without pay or removed. Thus, the Board lacks jurisdiction over these claims.

¶4 To the extent the appellant also reasserts his allegations that the agency committed prohibited personnel practices, failed to follow agency regulations and the collective bargaining agreement, and violated the No Fear Act, because the Board does not have jurisdiction over the underlying claim, the Board also has no jurisdiction to adjudicate these remaining claims. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction); *see also Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations).

¶5 Finally, the appellant argues that the administrative judge erred by failing to grant his hearing request. PFR File, Tab 2. However, an appellant is entitled to a

jurisdictional hearing only where he makes a nonfrivolous allegation that the Board has jurisdiction over his appeal. *See Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010); *see also Yiying Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). In this case, the administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation of jurisdiction, and thus, that he was not entitled to a hearing. Accordingly, we conclude that the appellant has shown no error in the administrative judge's dismissal of his appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.